UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 139 HEALTH BENEFIT FUND, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, WISCONSIN OPERATING ENGINEERS SKILL IMPROVEMENT AND APPRENTICESHIP FUND, JOINT LABOR MANAGEMENT WORK PRESERVATION FUND, TRUSTEE TERRANCE E. MCGOWAN, and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 139 AFL-CIO,<br><br>      Plaintiffs,<br>v.<br><br>IOWA-GRANT TRUCKING INC.,<br><br>      Defendant. | Case No. 12-CV-1101-JPS<br><br><br><br><br><br>ORDER |

  The plaintiffs initially filed this action on October 30, 2012. (Docket #1). In their Complaint, they alleged that the defendant violated the Employee Retirement and Income Security Act (ERISA), 29 U.S.C. § 1145, by refusing to make timely and prompt contributions to the plaintiff funds, and the Labor-Management Relations Act of 1947 (LMRA), 29 U.S.C. § 185, by failing to comply with the parties' collective bargaining agreement. (Docket #1, at 3–7). After the defendant failed to answer the plaintiffs' Complaint, the plaintiffs requested that the Clerk of Court enter a default against the defendant and that this Court thereafter enter a default judgment, awarding monetary sums to the plaintiffs. (Docket #9). The Clerk of Court entered

default against the defendant, and now the Court must determine whether to enter a default judgment. The plaintiffs request that default judgment be entered in their favor for a total recovery of $17,982.56, comprised of

$3,475.02 in delinquent contributions;

$9,601.34 in delinquent payment assessments;

$2,906.20 in interest; and

$2,000.00 in attorney fees.; and

(Docket #9).

Under Fed. R. Civ. P. 55, the court may enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend. The decision to enter default judgment lies within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citation omitted). As a general rule, a "default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff[s] as to each cause of action alleged in the complaint." *Breuer Electric Mfg. Co. v. Toronado Systems of America, Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). Upon entry of default, the court takes all well-pleaded allegations in plaintiffs' complaint relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995).

In determining whether a default judgment is warranted, the court may consider a variety of factors, including the amount of money involved, whether the default is largely technical, whether the grounds for default are clearly established, and whether the default was caused by a good faith mistake or excusable neglect. *See* 10A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* ¶ 2685 (3d ed. 1998). Here, while the amount of the judgment may be somewhat large, the grounds for the default – the defendant's failure to file an answer or other responsive

pleading – are clearly established. Default was properly entered by the Clerk of Court. Furthermore, there is no indication that the default was caused by a good faith mistake or excusable neglect. Additionally, the court concludes that the plaintiffs' allegations, detailed above and deemed true as a result of the default, establish that the defendant has violated ERISA and LMRA. *See, e.g.,* 29 U.S.C. §§ 185, 1145. Thus, the circumstances warrant the entry of default judgment in favor of the plaintiffs.

However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004)). Instead, the court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Id.* Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)).

That is the case here. The plaintiffs have submitted both documentary evidence and detailed affidavits to establish the claimed unpaid contributions, interest, liquidated damages, attorney fees, and prosecution cost amounts. (*See, e.g.*, Docket #14; #15, and Ex. 1). Thus, the Court having determined "that defendants [are] liable to plaintiff[s] as to each cause of action alleged in the complaint," by its entry of default, and that the plaintiffs' claimed amounts for delinquent contributions, payment assessments, and interest are reasonably certain and well-supported, the

Court will now grant the plaintiffs' requested default judgment and award the plaintiffs their requested amounts for those items. *Breuer Electric Mfg. Co.*, 687 F.2d at 186. Moreover, because 29 U.S.C. § 1132(g)(2) of ERISA and the parties' Trust Agreements provide that the defendant shall pay reasonable attorney fees and other costs, the Court will also grant the plaintiffs' requested amounts for those items. (Docket #14, at ¶¶ 6–8).

Accordingly,

IT IS ORDERED that the plaintiffs' motion for default judgment (Docket #9) be and the same is hereby GRANTED and the defendant shall pay to the plaintiffs the total sum of $17,982.57, together with interest at the rate allowed by law, the total sum being comprised of $3,475.02 in delinquent contributions, $9,601.34 in delinquent payment assessments, $2,906.20 in interest, and $2,000.00 in attorney fees.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2013.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge